UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | No.  1:26-CR-00113-DAE |
| | § | |
| Jorge Alberto Olivares-Lagunes | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). Defendant Jorge Alberto Olivares-Lagunes, with the advice of his attorney, consented to enter this guilty plea before this Magistrate Judge, subject to final approval and sentencing by the District Judge.

On March 19, 2026, Defendant and counsel appeared before this Magistrate Judge for the taking of Defendant's felony guilty plea and for his allocution pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Counsel were admonished as required by the Due Process Protection Act. The undersigned addressed Defendant personally in open court, informed him of the admonishments under Rule 11, and determined that he understood those admonishments. Pursuant to a Plea Agreement, Defendant pled guilty to one count of Illegal Re-entry into the United States, in violation of 8 U.S.C. § 1326.

The Plea Agreement includes an agreement under Rule 11(c)(1)(C) that the appropriate sentence is a term of imprisonment of 24 months. During the plea hearing, the Court asked counsel to explain any extenuating circumstances supporting the Rule 11(c)(1)(C) agreement.

1

Counsel for Defendant told the Court that there are two rationales for the agreement. First, Defendant was released to federal custody after serving more than two years in state custody. Because Defendant would not automatically receive credit for that time on a § 1326 sentence, the parties agreed to deduct it from the anticipated Sentencing Guidelines. Second, Defendant had an initial appearance in the Houston Division of the Southern District of Texas on January 15, 2026, but due to his time in transport, the Office of the Federal Public Defender was not appointed until February 10, 2026, four days before his indictment deadline under 18 U.S.C. § 3161(b); counsel for both parties missed the deadline but caught the oversight quickly. Defense counsel stated that she informed Defendant he had the option to pursue a pretrial motion to dismiss, but he authorized her to engage in plea negotiations with the Government for a favorable agreement and understands that the Plea Agreement waives his right to challenge any Speedy Trial Act issues. The Assistant United States Attorney agreed that the Assistant Federal Public Defender's summary was accurate.

During the hearing, Defendant testified that he was aware of and understands the rationales for the Rule 11(c)(1)(C) agreement identified by his counsel. Defendant also testified that he understands that the District Court may accept or reject the Plea Agreement; if the District Court advises Defendant that the Court rejects the Plea Agreement, he will be given the opportunity to withdraw his plea; and if Defendant chooses not to withdraw his plea, the Court may dispose of the case less favorably toward him than the Plea Agreement contemplated and Defendant would have no right to withdraw his plea if he is unhappy with his sentence.

This Magistrate Judge finds the following:

1.  Defendant fully understands the nature of the charge against him and possible penalties;

2.  Defendant understands his constitutional and statutory rights, understands that his constitutional and statutory rights can be waived, and understands the meaning and effect of the waiver of his constitutional and statutory rights;

3.  Defendant waived prosecution by indictment;

4.  Defendant's plea was made freely and voluntarily;

5.  Defendant is competent to enter this plea of guilty; and

6.  There is a factual basis for this plea.

## <u>RECOMMENDATION</u>

The Magistrate Judge **RECOMMENDS** that the District Court accept Defendant's guilty plea and, after reviewing the presentence investigation report, enter a Final Judgment of guilt against him.

## <u>WARNING</u>

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 19, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

3